```
              UNITED STATES DISTRICT COURT
              SOUTHERN DISTRICT OF INDIANA
                 INDIANAPOLIS DIVISION
```

| | |
|---|---|
| US SECURITIES AND EXCHANGE COMMISSION ) ) ) | |
| Plaintiff, ) vs. ) | NO. 1:11-mc-00006-SEB-MJD |
| ) JOHN J. BRAVATA, RICHARD J. ) TRABULSY, ANTONIO BRAVATA, BBC ) EQUITIES, LLC and BRAVATA ) FINANCIAL GROUP ) ) Defendant(s). ) ) | |

### Order on Pending Motions
### HON. MAGISTRATE JUDGE MARK J. DINSMORE

This matter comes before the Court on *pro se* Defendant John J. Bravata's Motion to Quash [Dkt. 1] a subpoena that Plaintiff U.S. Securities and Exchange Commission ("SEC") issued to third-party JP Morgan Chase, NA ("JP Morgan") and on the SEC's Motion to Compel [Dkt. 3] compliance with the subpoena. For the reasons stated below, the Court **DENIES** both motions.

### I. Background

This case involves alleged securities fraud committed by Bravata. On July 26, 2009, the SEC filed a Complaint and sought a temporary restraining order ("TRO") to stop Bravata and the companies he controlled from committing securities fraud. Judge Lawson from the Eastern District of Michigan granted a TRO that

enjoined Bravata from violating federal securities laws and froze Bravata's assets. There remains in place a preliminary injunction extending the TRO's terms including the asset freeze. In its lawsuit, the SEC seeks a permanent injunction barring Bravata from future securities laws violations.

As part of the ongoing discovery process, the SEC caused this Court to issue a subpoena to JP Morgan seeking production of Bravata's bank records from May 1, 2006 to the present. According to the SEC, the purpose of the subpoena is to determine whether Bravata continues to solicit money from investors and whether he continues to violate securities laws, such evidence of continuing violations will assist the SEC in obtaining a permanent injunction.

## II. Discussion

**A. Motion to Quash**

On January 24, 2011, Bravata filed an emergency Motion to Quash the subpoena. Bravata first argues that the SEC should have had the district court in Michigan issue the subpoena but instead the SEC tried to bypass the Michigan court. There is no merit to this argument. Under Federal Rule of Civil Procedure 45, "[a] subpoena must issue … from the court for the district where the production or inspection is to be made." Fed. R. Civ. P. 45(a)(2)(C). In this case, the production is to be made at JP Morgan's National Subpoena Processing Center located in

Indianapolis, Indiana.  Accordingly, the U.S. District Court for the Southern District of Indiana would be the appropriate court to issue the subpoena.

Bravata next argues that the SEC only has a right to bank records up until the filing of its Complaint on July 26, 2009. Bravata argues that anything after that date is not relevant to the allegations in the Complaint nor is it likely to lead to evidence that would be admissible at trial.  The SEC, however, seeks a permanent injunction against Bravata, which requires the SEC to establish that there is a reasonable likelihood of future securities violations.  *See Commodities Futures Trading Comm'n v. Skorupskas*, 605 F. Supp. 923, 942 (E.D. Mich. 1985).  Information contained in Bravata's bank records, and specifically the records after July 26, 2009, are relevant to determine whether Bravata continues to violate securities laws evidencing a reasonable likelihood that Bravata will violate securities laws in the future.  The Court, therefore, **DENIES** Bravata's Motion to Quash the Subpoena.

**B. Motion to Compel**

In response to Bravata's Motion to Quash, the SEC filed a Motion to Compel JP Morgan to comply with the subpoena.  The Court, however, believes such a motion is premature and that JP Morgan should have a reasonable time to comply.  *See* Fed. R. Civ.

P. 45(c)(3)(A)(i) (requiring the court to modify or quash a subpoena that fails to allow a reasonable time to comply).

The subpoena required JP Morgan to produce the documents by February 14, 2011. On January 24, 2011, however, Bravata filed his Motion to Quash. At the time Bravata filed his motion, JP Morgan had 21 days remaining to comply with the subpoena. During the time that the Motion to Quash was before the Court, JP Morgan should not have been expected to comply with the subpoena. Additionally, the Motion to Compel was filed three weeks before the date for JP Morgan to respond to the subpoena and JP Morgan was not joined in this proceeding to answer to the Motion to Compel. The Court, therefore, concludes that a reasonable amount of time for JP Morgan to comply with the subpoena is 21 days after the service of the subpoena and this order on JP Morgan. If JP Morgan has not complied by that time, then the SEC may file a motion to compel. To ensure non-party JP Morgan receives notice, the Court instructs the SEC to serve a copy of this order along with the subpoena upon JP Morgan. Accordingly, the SEC's Motion to Compel is **DENIED**, without prejudice to its refiling should JP Morgan fail to timely comply with the subpoena.

### III. Conclusion

The Court **DENIES** both Bravata's Motion to Quash [Dkt. 1] and the SEC's Motion to Compel [Dkt. 3]. The SEC is to serve a copy

of this order and the subpoena upon JP Morgan.

Dated: 05/27/2011

Mark J. Dinsmore
United States Magistrate Judge
Southern District of Indiana

Distribution List:

**Benjamin J. Hanauer**
UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Email: hanauerb@sec.gov

**Jonathan S. Polish**
UNITED STATES SECURITIES AND EXCHANGE COMMISSION
Email: polishj@sec.gov

**JOHN J. BRAVATA**
13049 Tradition Drive
Dade City, FL 33525